O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7079 AHM (FFMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

The Court DENIES Plaintiffs' Motion for a Preliminary Injunction because (1) Plaintiffs have not shown a strong likelihood of success on the merits, (2) Plaintiffs have not demonstrated that irreparable injury is likely in the absence of an injunction, (3) Plaintiffs have not shown a balance of hardships in their favor or that the public interest would be advanced by the issuance of the injunction, and (4) the Court cannot grant some of the relief that Plaintiffs seek.

## I.    PLAINTIFFS HAVE NOT DEMONSTRATED LIKELIHOOD OF SUCCESS ON THE MERITS

### A.    Plaintiffs have not shown that the Pasadena Municipal Code ("PMC") violates the Fair Housing Act ("FHA").

- **As a preliminary matter, Plaintiffs have failed to demonstrate that they are actually operating a boarding house "for persons with a handicap."**

  - The FHA defines a person with a "handicap" as someone with "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance . . ." 42 U.S.C. § 3602(h).

  - Plaintiffs allege that there are fourteen residents at the boarding house.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7079 AHM (FFMx) | | Date | January 11, 2010 |
|---|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | | |

Seven of the residents are on SSI, and of the seven that are not on SSI, "approximately 4 are recovering from substance abuse." Reply at 6. Being on SSI does not necessarily mean someone is disabled or handicapped within the meaning of the FHA—SSI benefits are available to "people with limited income and resources who are disabled, blind, *or age 65 or older*." Understanding Social Security Income (SSI) – SSI Overview, http://www.ssa.gov/ssi/text-over-ussi.htm (emphasis added).

- **Plaintiffs rely on a number of incorrect assertions in their briefs:**

  - Contrary to Plaintiffs' assertion, the PMC does not "set[] forth the general rule that it is illegal to operate a group home for the disabled in residential districts" in Pasadena. Motion at 10. Rather, the PMC prohibits the operation of all boarding houses in residential districts, but provides an exception for boarding houses that provide housing to disabled persons. *See* PMC § 8.19.010 (stating that "[t]he city has prohibited boarding houses in all [residential] districts and the RM-12 and RM-16 zoning districts" but noting the need to provide an exception for "a group home for the disabled [that otherwise falls under] the definition of a boarding house"). The PMC requires anyone who owns, manages, or operates a group home for the disabled that otherwise falls under the definition of a boarding house to first obtain a "reasonable accommodation permit," and requires such homes to be limited to six persons. PMC § 8.19.040. A "boarding house" is defined as a "residence or dwelling, other than a hotel, wherein three or more rooms, with or without individual or group cooking facilities, are rented to individuals under separate rental agreements or lease, either written or oral, whether or not an owner, agent, or rental manager is in residence." PMC § 17.80.020.

  - Plaintiffs misrepresent the City's actual policy when they state that it does not "limit dwellings for unrelated disabled persons to six residents, whereas other dwellings in the same neighborhood may have more than six occupants." Reply at 5. The only distinction that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7079 AHM (FFMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | |

the PMC draws between disabled and non-disabled persons is that the PMC permits the operation a boarding house *only* if its residents are disabled; boarding houses for non-disabled persons are prohibited altogether.  Other residential dwellings may have more than six occupants—whether or not those persons are disabled.

- Plaintiffs' argument that the PMC's restriction on boarding houses is discriminatory because the City of Pasadena does not otherwise limit the number of occupants of dwellings in residential neighborhoods is a red herring.  Plaintiffs' property is not a residential home.  Rather, it is a boarding house, which is a distinct and separate type of use than a single family dwelling. *See* PMC § 17.80.020 (defining "boarding house").

- **The PMC does not discriminate against disabled persons within the meaning of the FHA.**

  - The FHA defines "discrimination" as:

    (A)   a refusal to permit . . .  reasonable modifications of existing premises occupied or to be occupied by [person with a handicap] if such modifications may be necessary to afford such person full enjoyment of the premises . . .

    (B)   a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or

    (C)   [Failing] to design and construct [certain multifamily dwellings] in such a manner that [makes them inaccesible to and usable by handicapped persons.]

  42 U.S.C. § 3604(3).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7079 AHM (FFMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | |

- Plaintiffs allege that the PMC constitutes a violation of (B) above. *See* Motion at 10. However, Plaintiffs have not shown how the City's refusal to allow more than six disabled persons in a boarding house denies them "equal opportunity to use and enjoy a dwelling."

- Plaintiffs appear to think that "discrimination" under the FHA is broader than the definition cited above. Plaintiffs have not provided *any* support for their argument that a regulation like that found in the PMC (i.e., a city requirement that operators of a boarding home for the disabled first obtain a permit and that such homes be limited to six residents) violates the FHA.

- Plaintiffs have not shown that the PMC's maximum occupancy limit for boarding houses of six disabled persons is not "reasonable." 42 U.S.C. § 3607(b)(1) reads, in part: "Nothing in this subchapter limits the applicability of any reasonable local, State, or Federal restrictions regarding the maximum number of occupants permitted to occupy a dwelling."

**B.    Plaintiffs have not shown that the Pasadena Municipal Code's ("PMC") violates the Fourth Amendment.**

- Plaintiffs also argue that the background check, fingerprinting, and inspection requirements of the City violate the Fourth Amendment. *See* Motion at 15-16. Plaintiffs did not allege this in their Complaint, and they do not offer any argument on the issue.

**II.    PLAINTIFFS HAVE MADE NO SHOWING AS TO THE LIKELIHOOD OF IRREPARABLE INJURY**

- Plaintiffs incorrectly state in their moving papers that the standard on a motion for a preliminary injunction is "possibility of irreparable injury." *See* Motion at 9. This standard was overruled by the Supreme Court in *Winter v. Nat'l Res. Def. Council*, 129 S.Ct. 365, 375, 2008 WL 4862464, at *10 (Nov. 12, 2008), which held that "the Ninth Circuit's 'possibility' standard

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7079 AHM (FFMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | |

[for irreparable injury] is too lenient. Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."

- Plaintiffs only state in conclusory fashion that they "will be irreparably harmed [if the injunction is not granted] and the disabled residents will be homeless." Motion at 10. However, the interest of Plaintiffs here is largely financial — they state that their boarding house "cannot survive financially if the occupancy level of the dwelling is limited to six residents" and they will "be forced to close the home permanently if the City of Pasadena unreasonably limits the number of residents." Motion at 8.

- Plaintiffs have offered no evidence that the residents would be unable to find places to live elsewhere.

## III.   PLAINTIFFS HAVE MADE NO SHOWING THAT THE BALANCE OF HARDSHIPS WEIGHS IN THEIR FAVOR

- "Before a preliminary injunction may issue, the court must identify the harm that a preliminary injunction might cause the defendant and weigh it against plaintiff's threatened injury. '[T]he real issue in this regard is the degree of harm that will be suffered by the plaintiff or the defendant if the injunction is improperly granted or denied.'" William Schwarzer, et al., FED. CIV. PRO. BEFORE TRIAL § 13:72 (2009) (quoting *Scotts Co. v. United Industries Corp.*, 315 F.3d 264, 284 (4th Cir. 2002)).

- The harm to Plaintiffs if the injunction is improperly denied is that the City might shut down their boarding house (or require Plaintiffs to limit it to six persons). While this is a serious concern, it is not enough to overcome Plaintiffs' extremely weak showing on their probability of success, or the fact that there are serious hardships that Defendants would suffer if the injunction is improperly granted, as shown next.

- The harm to Defendants if the injunction is improperly granted is that the City will be forced to stop its proceedings against Plaintiffs and be required

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7079 AHM (FFMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | |

to allow a potentially unsafe boarding house to continue to operate in a residential zone — which would possibly endanger the health, welfare, and safety of the residents of the boarding house as well as neighboring residents. Plaintiffs state in conclusory fashion that the "city of Pasadena has no need to close the home since there is no health or safety issue at [Plaintiffs' boarding house]." Motion at 10. This is false. The City has already made a factually supportable determination that health and safety issues exist at the boarding house. *See* Decl. of Constance Orozco-Morgan. Moreover, the incident that sparked the City's attempts to close the boarding house in the first place was a fire at the house which resulted in the death of a resident. Motion at 5.

## IV. PLAINTIFFS DO NOT ADDRESS WHETHER THE PUBLIC INTEREST WOULD BE ADVANCED IF THE INJUNCTION IS GRANTED

- Plaintiffs' briefs do not address whether or how the public interest would be advanced if the Court were to issue the injunction.

- Given the potentially unsafe conditions of Plaintiffs' boarding house, it is reasonable to infer that the public interest would *not* be advanced if the injunction is granted.

## V. EVEN IF PLAINTIFFS HAD DEMONSTRATED THE PROPRIETY OF A PRELIMINARY INJUNCTION, THE COURT LIKELY DOES NOT HAVE THE AUTHORITY TO ENJOIN THE PENDING CRIMINAL ACTIONS AGAINST PLAINTIFFS

- The Anti-Injunction Act (AIA) states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Proceedings" means "judicial proceedings" — not "ministerial or administrative" proceedings. William Schwarzer, et al., FED. CIV. PRO. BEFORE TRIAL § 2:1336.1 (2009). (Thus, the AIA does not apply to the City's efforts to evict Plaintiffs or enforce the PMC, to the extent that the City is doing so outside

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7079 AHM (FFMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | |

of judicial proceedings.)

- Plaintiffs argue that the AIA does not apply because the criminal proceedings were filed after Plaintiffs filed their complaint.  Reply at 3.  Even if this were true (courts are split on the question and the Ninth Circuit has not ruled on the issue), it seems that the criminal complaint was filed on November 6, 2009—before Plaintiffs filed their motion for a preliminary injunction on November 23, 2009.  Plaintiffs assert in their Reply—with no support aside from Jeaneatte Broussard's declaration—that the criminal complaint was filed on December 8, 2009.  Reply at 3.  However, they attached to their Motion two letters from the Deputy City Prosecutor dated November 6, 2009 stating that criminal complaints had been filed against Plaintiffs. *See* Exhs. F and G.  Thus, the AIA likely applies because Plaintiffs sought to enjoin the state criminal proceedings—which appear to be distinct from the violations complained of in the Complaint, *see* Opp'n at 6:10-2—after the criminal proceedings had begun.

- If the AIA applies, it prevents this Court from enjoining the state criminal proceedings.

  - The Anti-Injunction Act permits federal courts to enjoin state court proceedings in *very* limited circumstances:
    - (1) "as expressly authorized by Act of Congress"
    - (2)  "where necessary in aid of its jurisdiction," or
    - (3) "to protect or effectuate its judgments."

    Plaintiffs have not come close to establishing the applicability of any of these exceptions.

  - They incorrectly assert that "in cases where a federal court is 'expressly authorized' by statute to issue an injunction a federal court may enjoin litigation in a state court."  Reply at 3. Although it is true that "a federal law need not expressly authorize an injunction of a state court proceeding in order to qualify as an exception," *Mitchum v. Foster*, 407 U.S. 225, 237 (1972), the fact that a federal law authorizes

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7079 AHM (FFMx) | Date | January 11, 2010 |
|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | |

injunctive relief does not mean that it authorizes a federal court to enjoin state court proceedings. Rather, the test is "whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding." *Id.* Plaintiffs have not offered any evidence or reasons for why the FHA could not be given its intended scope only by staying the state court proceedings against Plaintiffs.

• Plaintiffs rely heavily on *Mitchum* to support their argument that the Court is authorized to enjoin the state actions. *Mitchum*, however, was a § 1983 case, and held only that "Congress plainly authorized the federal courts to issue injunctions in § 1983 actions[.]" *Id.* at 242. Plaintiffs' claims are not brought under § 1983.

• Exception (2) requires a very strong showing that Plaintiffs have not made. It requires that the "state action must not simply threaten to reach judgment first, it must interfere with the federal court's own path to judgment." William Schwarzer, et al., FED. CIV. PRO. BEFORE TRIAL § 2:1339.4 (2009) (quoting *In re Diet Drugs*, 282 F.3d 220, 234 (3rd Cir. 2002)); *See also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 ((1970) (injunction of state court proceedings permissible only where necessary "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.").

Accordingly, Plaintiffs' Motion for a Preliminary Injunction[1] is DENIED.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

_____         :   _____

Initials of Preparer               SMO

---

[1] Docket No. 4

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7079 AHM (FFMx) | | Date | January 11, 2010 |
|---|---|---|---|---|
| Title | JEANETTE BROUSSARD, *et al.* v. CITY OF PASADENA, *et al.* | | | |